Request of the Senate
No. 81-144

OPINION OF THE JUSTICES

May 28, 1981

The following resolution, Senate Resolution No. 6, requesting an opinion of the justices was adopted by the Senate on April 22, 1981, and filed in this court on April 28, 1981:

"Whereas, there is pending before the senate Senate Bill 29, an act limiting the campaign contributions which all New Hampshire candidates for local, county, or state office may accept; and

"Whereas, said bill states as its purpose that it is in the public interest to encourage and enable all individuals to run for public office; that it is further in the public interest to limit federal requirements regarding campaign financing; that the general court recognizes that, under the guise of election law reform, the electoral process has been corrupted and turned into a commercial enterprise in which only wealthy candidates may compete; that the general court therefore declares that the means for enabling all citizens to run for public office is to limit the campaign contributions which candidates may accept and the money they may spend in running for all county, state, and local offices; and that in limiting campaign contributions to candidates for office, the general court recognizes a differing opinion between it and the United States Supreme Court over the states' regulation of elections; and

"Whereas, said bill applies only to limiting campaign contributions that candidates may receive for state offices, and does not limit in any way campaign contributions for federal offices; and

"Whereas, said bill provides that a candidate for governor, governor's councilor, county officer, or state senator may accept total contributions in both a primary and a general or special election equal to $.50 multiplied by the number of voters qualified at the last general election to vote for the office which the candidate seeks; and

"Whereas, said bill provides that a presidential elector running in a general election may also accept total contributions equal to $.50 multiplied by the number of voters qualified at the last general election to vote for the office which the candidate seeks; and

"Whereas, said bill further provides that a candidate for representative to the general court, and candidate for city, town, school district, or village district office in a primary, general, or special election may accept total contributions equal to $.25 multiplied by the number of voters qualified at the last general, municipal, or school district election to vote for the office which the candidate seeks; and

"Whereas questions have arisen as to the constitutionality of the proposed act; now, therefore, be it

"Resolved by the Senate:

"That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"Is the campaign contribution limits formula in Senate Bill 29 based upon a dollar amount multiplied by the number of voters qualified to vote at the last general election constitutional, and is any formula which limits the total contributions which candidates for state office may accept based upon the number of eligible voters in the state constitutional?

"Be It Further Resolved that the clerk of the Senate transmit 7 copies of this resolution and 7 copies of Senate Bill 29 to the Justices of the Supreme Court."

The following answer was returned:

*To The Honorable Senate:*

The undersigned Justices of the Supreme Court reply as follows to your request filed in this court on April 28, 1981.

Both questions transmitted herein raise the issue of whether the General Court can constitutionally and unconditionally limit the total amount of contributions that a candidate for State office may accept. Apart from expenditures which a candidate could make on his own behalf from his personal assets, the practical effect of a limitation upon the amount of contributions a candidate for public office can accept is to place a limit upon the amount of money that he can spend in pursuit of that office. Such a restriction would clearly affect potential contributors' rights of freedom of speech and association and a candidate's ability to engage in the expression of his political views, particularly his access to paid political advertising. Because Senate Bill No. 29, if enacted, would have a substantial effect on the ability of both citizens and candidates to express their political views and associate with one another, the Bill raises serious concerns under the First Amendment of the Constitution of the United States, *see Buckley v. Valeo,* 424 U.S. 1, 54–59 (1976) (per curiam), and under part 1, article 32 of the New Hampshire Constitution.

In *Buckley v. Valeo supra,* the United States Supreme Court held that the rights secured under the First Amendment forbid Congress from enacting and enforcing laws that unconditionally limit the amount a candidate for federal office can spend in his election campaign. Because the United States Supreme Court has also held that the basic constitutional protections guaranteed by the First Amendment are, under the Fourteenth Amendment, applicable to the States whenever they exercise their powers of supervision over the electoral process, *Communist Party of Indiana v. Whitcomb,* 414 U.S. 441, 449 (1974), there can be no doubt that *Buckley* applies with equal force to the States, and is therefore binding upon this court. *See Communist Party of Indiana v. Whit-*

*comb*, 414 U.S. at 449–50. Further, the New Hampshire Constitution guarantees the same right to free speech and association. N.H. CONST. pt. I, art. 32; *see State v. Nickerson*, 120 N.H. 821, 826, 424 A.2d 190, 193–94 (1980).

■■ Senate Bill 29 would limit the amount of contributions a candidate for state or local office may accept, while *Buckley* forbids placing a limitation upon campaign spending. In strictly scrutinizing the provisions of the proposed statute, it is our opinion that the difference between an unconditional limitation on the amount of contributions a candidate may accept and a similar limitation on the amount a candidate may spend is one of form, not of substance. In either case, it is our opinion that both the First Amendment of the Constitution of the United States and part I, article 32 of the New Hampshire Constitution forbid such an encroachment upon free expression and association. "The First Amendment's protection against governmental abridgment of free expression cannot properly be made to depend on a person's financial ability to engage in public discussion." *Buckley v. Valeo*, 424 U.S. at 49. An unconditional restriction on the total amount of contributions that a candidate can accept impermissibly limits a candidate's "financial ability to engage in public discussion." Despite its laudable purpose to control escalating campaign costs, it cannot survive under the State and federal constitutions.

■ We therefore answer both of the questions transmitted "no."

WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS, III
DAVID A. BROCK
JOHN W. KING

May 27, 1981

I. Michael Winograd, of Concord, filed a memorandum of law contesting the constitutionality of proposed Senate Bill 29.