Request of the House of Representatives
No. 81-141

OPINION OF THE JUSTICES

June 12, 1981

The following resolution, House Resolution No. 32, requesting an opinion of the justices was adopted by the House of Representatives on April 23, 1981, and filed in this court on April 28, 1981:

"Whereas, there is pending before the house House Bill 847, An Act establishing a partial public campaign financing system for candidates for governor and governor's council which is funded by optional legislative appropriations; and

"Whereas, said bill provides that in order to qualify for public financing, a gubernatorial candidate in a primary must raise 10 percent of the overall expenditure limitation in matchable contributions of $100 or less, and a candidate for the governor's council in a primary must raise 10 percent of the overall expenditure limitation in matchable contributions of $50 or less; and

"Whereas, said bill provides that once this 10 percent threshold is reached, a candidate for governor can receive $1 of public financing funds for each additional $1 of matchable contributions, and a candidate for governor's council can receive $1 for each $1 of matchable funds presented in a block matching 10 percent of the spending limitation; and

"Whereas, said bill further provides that the spending limit for the governor's race is $100,000 or $.40 times the average number of votes cast for governor at the last 2 gubernatorial elections, whichever is less, while the spending limitation for the council races is the lesser of $10,000 or $.40 multiplied by the average number of votes cast in the councilor race in the district in the last 2 council elections; and

"Whereas, an amendment has been proposed to said bill which would replace the bill's public campaign financing system with a formula for limiting campaign expenditures by candidates for United States and state office, under which no expenditure shall be made for the purpose of promoting the success or defeat of any party, measure or person by a candidate for governor, United States senator, representative in Congress, governor's councilor, county officer, state senator, or representative to the general court or in his behalf in a state election, which exceeds the sum of $.40 multiplied by the number of voters qualified to vote for the office the candidate seeks at the last preceding biennial election; and

"Whereas, questions have arisen as to the constitutionality of both the proposed act and the amendment to it; now, therefore, be it

"Resolved by the House of Representatives:

"That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"1. Is the partial public campaign financing system for candidates for governor and governor's council in House Bill 847 which sets a spending ceiling only for candidates who accept public financing constitutional?

"2. Is the proposed amendment to House Bill 847 which replaces the bill's public campaign financing system with a formula for limiting campaign expenditures by candidates based upon a dollar amount multiplied by the number of voters qualified to vote for the office the candidate seeks at the last preceding biennial election constitutional, and does it resolve any constitutional problems which may be raised by House Bill 847 in its present form?

"That the clerk of the House transmit 7 copies of this resolution to the Justices of the Supreme Court along with an equal number of copies of HB 847 and the proposed amendment to HB 847."

The following answer was returned:

*To the Honorable House of Representatives:*

■ The questions herein presented are similar to those transmitted by the Honorable Senate and answered in *Opinion of the Justices*, 121 N.H. 434, 430 A.2d 191 (1981). The first question is whether a campaign spending ceiling is constitutional if applied only to those candidates for public office who accept public financing. The United States Supreme Court has held that similar limitations, voluntarily assumed by those who wish to avail themselves of the benefits of public financing of their political campaigns, violate no provision of the federal constitution. *See Buckley v. Valeo,*

424 U.S. 1, 95–99 (1976). Unlike proposed Senate bill No. 29, *see Opinion of the Justices supra*, House bill No. 847 limits campaign spending only when a candidate voluntarily chooses to accept public financing. It is also our opinion that the imposition of a spending ceiling on candidates for public office as a condition to making public funds available to them would not violate N.H. CONST. pt. 1, art. 32.

 The proposed amendment to House bill 847 that would eliminate the public financing feature of the bill and leave a bill which would impose an absolute limit on the campaign spending of all candidates, however, cannot survive in light of free speech guarantees under both the State and federal constitutions. U.S. CONST. amend. I; N.H. CONST. pt. 1, art. 32; *Buckley v. Valeo*, 424 U.S. at 54, 59; *Opinion of the Justices*, 121 N.H. 434, 430 A.2d 191 (1981).

We therefore answer question number 1 in the affirmative and question number 2 in the negative.

WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS, III
DAVID A. BROCK
JOHN W. KING

June 12, 1981

I. Michael Winograd filed a memorandum contesting the constitutionality of the proposed amendment to proposed House bill 847.